# EXHIBIT # 1

**COMMONWEALTH OF MASSACHUSETTS**
**County of Barnstable**
**The Superior Court**

| | |
|---|---|
| John T. Young, *on behalf of himself and all others similarly situated,* : | |
| : | |
| Plaintiff, : | |
| : | Civil Docket #:_____ |
| v.  : | |
| : | |
| Consumer Portfolio Services, Inc., : | |
| : | |
| Defendant. : | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff John T. Young, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.     Defendant Consumer Portfolio Services, Inc. ("CPS") is a California-based publicly traded subprime auto finance company.

2.     It purchases subprime auto loans and then repackage them into securities for investors.  As of September 30, 2019, CPS touts that it "service[s] a total managed portfolio of approximately $2.4 billion with approximately 178,000 active customers and 1,018 employees in [its] branches in five states."[1]

3.     CPS services all of the loans it purchases through call centers located in California, Nevada, Virginia Florida and Illinois, and aggressively contacts borrowers in order to collect alleged debts.

---

[1] *See* https://www.consumerportfolio.com/about-home.php (last visited Nov. 15, 2019).

4.      As part of its debt collection operation, CPS regularly places more than two collection calls a week to Massachusetts consumers.

5.      This practice is illegal in Massachusetts as the Massachusetts Attorney General has regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number, for each debt . . . ." 940 CMR § 7.04(1)(f); *see also Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor.") (quoting 940 CMR § 7.04(1)(f)).

6.      CPS placed more than two collection calls to Plaintiff John T. Young ("Plaintiff") within a seven-day period in an attempt to collect a debt, violating the express provisions of § 7.04(1)(f).

7.      Plaintiff seeks to represent all consumers similarly situated.  Plaintiff seeks injunctive relief to end CPS's illegal practice, declaratory relief to make CPS's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

8.      Plaintiff, John T. Young, is an adult individual residing in West Yarmouth, Barnstable County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

9.      Defendant, Consumer Portfolio Services, Inc., is a publicly traded company organized under the laws of California, with a principal place of business at 3800 Howard Hughes Parkway, Las Vegas, Nevada 89169, and is a "creditor" as defined by 940 CMR § 7.03. Upon information and belief, CPS does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  CPS Engages in Unfair Business Practices

10.     Plaintiff allegedly incurred a financial obligation arising out of automobile loan (the "Debt") which meet the definition of a "debt" under 940 CMR § 7.03.

11.     CPS attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

12.     At all relevant times that CPS attempted to collect the Debt from Plaintiff, the Debt was alleged to be more than thirty days past due.

13.     Within the last four years, CPS called Plaintiff's cellular telephone, residential telephone and place of employment in an attempt to collect the Debt.

---

[2] Accordingly, the requirement for a pre-suit letter under Chapter 93A is inapplicable here. *See* M.G.L. c. 93A § 9(3) ("The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, *or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth . . . .*") (emphasis supplied).

14.    CPS called Plaintiff's cellular telephone at number 508-XXX-8339.

15.    CPS called Plaintiff's residential telephone at number 508-XXX-7680.

16.    CPS called Plaintiff's place of employment at telephone at number 508-XXX-2168.

17.    CPS consistently called Plaintiff in an attempt to collect the Debt in excess of two times within a seven-day period, at times placing more than five calls a week to Plaintiff in an attempt to collect the Debt.

18.    CPS's practice was to call Plaintiff's cellular and residential telephones in rapid succession of one another.

**B.  Plaintiff Suffered Actual Damages and Injury**

19.    As a direct consequence of CPS's repeated calls to Plaintiff's cellular and residential telephones and place of employment in an attempt to collect the Debt, Plaintiff became angry and frustrated and suffered anxiety and emotional distress.

20.    CPS's repeated calls to Plaintiff were also distracting and an inconvenience to Plaintiff, and wasted Plaintiff's time and energy spent tending to CPS's calls.

## CLASS ACTION ALLEGATIONS

**A.  The Class**

21.    Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

22.    Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from CPS within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

4

**B. Numerosity**

23.     As its regular business practice, CPS hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

24.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

25.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

**C. Common Questions of Law and Fact**

26.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

27.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   b.  Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

**D. Typicality**

28.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

### E.  Protecting the Interests of Class Members

29.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

30.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

### F.  Proceeding Via Class Action is Superior and Advisable

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

36.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF M.G.L. c. 93A, § 2,
## AND 940 CMR § 7.04(1)(f)

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular and residential telephones and place of employment, in violation of 940 CMR § 7.04(1)(f).

39.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

40.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

41.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

42.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)  An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt;

B)  Declaratory relief as prayed for herein;

C)  Awarding actual and/or statutory damages under M.G.L. c. 93A § 9;

D)  Awarding actual and/or statutory damages under M.G.L. c. 93A § 9 for the Class;

E)  Awarding treble damages under M.G.L. c. 93A § 9;

F)  Awarding treble damages under M.G.L. c. 93A § 9 for the Class;

G)  Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9; and

H)  Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 4, 2019                    PLAINTIFF,

                                           JOHN T. YOUNG

                                           By Plaintiff's attorneys,

                                           LEMBERG LAW, LLC


                                           */s/ Sergei Lemberg*
                                           Sergei Lemberg (BBO# 650671)
                                           slemberg@lemberglaw.com
                                           LEMBERG LAW, LLC
                                           43 Danbury Road
                                           Wilton, CT 06897
                                           T: (203) 653-2250
                                           F: (203) 653-3424

9

# Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1972CV00628

John T. Young, on behalf of
himself and all others similarly
Situated, PLAINTIFF(S),

v.

Consumer Portfolio Services, Inc., DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Consumer Portfolio Services, Inc. (Defendant's name)

**You are being sued.**   The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Barnstable Superior Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Superior   Court,  by mail to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA   02630, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Sergei Lemberg, Lemberg Law, LLC 43 Danbury Rd, Wilton CT 06897

3. **What to include in your response.**  An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20_____. (SEAL)

Scott W. Nickerson
Clerk-Magistrate

*Scott W. Nickerson*

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.


## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20_____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20_____    Signature: _____


N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

December 12, 20,

A TRUE COPY ATTEST

*Special*    Process Server & Disinterested Person

# EXHIBIT # 2

 **CT Corporation**

**Service of Process Transmittal**
12/12/2019
CT Log Number 536801306

TO:     Michael Lavin, Sr. VP & General Counsel
        CONSUMER PORTFOLIO SERVICES, INC.
        19500 Jamboree Rd
        Irvine, CA 92612-2401

RE:     **Process Served in Massachusetts**

FOR:    CONSUMER PORTFOLIO SERVICES, INC.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John T. Young, etc., Pltf. vs. Consumer Portfolio Services, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, COVER SHEET, NOTICE, ORDER |
| **COURT/AGENCY:** | Barnstable County Superior Court, MA<br>Case # 1972CV00628 |
| **NATURE OF ACTION:** | COMPLAINT AND DEMAND FOR .TURY TRIAL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/12/2019 at 16:14 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Sereei Lembers<br>LEMBERG LAW, LLC<br>43 Danbury Road<br>Wilton, CT 06897<br>203-653-2250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/12/2019, Expected Purge Date: 12/17/2019<br><br>Image SOP<br><br>Email Notification,  Michael Lavin  michaell@consumerportfolio.com<br><br>Email Notification,  Maribel Cabrera  maribelc@consumerportfolio.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT # 3

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | John T. Young, on behalf of himself and all others similarly situated | COUNTY | Barnstable |
|---|---|---|---|
| ADDRESS: | 53 Circuit Road North, West Yarmouth, MA 02673 | | |

| | | DEFENDANT(S): | Consumer Portfolio Services, Inc. |
|---|---|---|---|

| ATTORNEY: | Sergei Lemberg, LLC | | |
|---|---|---|---|
| ADDRESS: | Lemberg Law, LLC | ADDRESS: | 1201 Peachtree Street NE, Atlanta, Georgia 30361 |
| 43 Danbury Road, Wilton, CT 06897 | | | |
| (203) 653-2250 | | | |
| BBO: | 650671 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES   ☐ NO | ☒ YES   ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $_____
2. Total doctor expenses ................................................................... $_____
3. Total chiropractic expenses ........................................................... $_____
4. Total physical therapy expenses .................................................... $_____
5. Total other expenses (describe below) .......................................... $_____
                                                                    Subtotal (A): $_____

B. Documented lost wages and compensation to date ........................ $_____
C. Documented property damages to date ......................................... $_____
D. Reasonably anticipated future medical and hospital expenses ........ $_____
E. Reasonably anticipated lost wages ............................................... $_____
F. Other documented items of damages (describe below) .................. $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                    TOTAL (A-F): $_____

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):

On Behalf of Plaintiff and Class

                                                                    TOTAL: $ 25,001.00

Signature of Attorney/ Unrepresented Plaintiff: X   /s/ Sergei Lemberg          Date: Dec 4, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X   /s/ Sergei Lemberg          Date: Dec 4, 2019

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (A) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

# EXHIBIT # 4

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

Barnstable County
Docket number: *1972CV00628*

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

**Plaintiff(s):** John T. Young, *on behalf of himself and all others similarly situated,*

v.

**Defendant(s):** Consumer Portfolio Services, Inc.,

The undersigned moves to request that this honorable court appoint William Dewsnap, of Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent address:

Signed under the pains and penalties of perjury:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

/s/ Sergei Lemberg
Sergei Lemberg, Esq.

Date: <u>December 4, 2019</u>

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that William Dewsnap, of Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

**ALLOWED**

Signature

Title and date

A true copy, Attest _Scott W. Nickerson_

**Clerk**

| **CLERK'S NOTICE** | **DOCKET NUMBER**<br><br>**1972CV00628** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>John T Young on behalf of Himself and all others similarly situated<br>vs. Consumer Portfolio Services, Inc. | Scott W. Nickerson, Clerk of Court<br>Barnstable County |
|---|---|

| TO:<br>Sergei Lemberg, Esq.<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897 | COURT NAME & ADDRESS<br>Barnstable County Superior Court<br>3195 Main Street<br>Barnstable, MA 02630 |
|---|---|

You are hereby notified that on 12/05/2019 the following entry was made on the above referenced docket:

Endorsement on Motion to Appoint Special Process Server (#3.0): ALLOWED

| DATE ISSUED<br><br>12/05/2019 | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br><br>Scott D Colgan | SESSION PHONE#<br><br>(508)375-6684 |
|---|---|---|

Date/Time Printed: 12-05-2019 09:25:11

SCV016_X0 09/2014

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1972CV00628 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: John T Young on behalf of Himself and all others similarly situated vs. Consumer Portfolio Services, Inc. | | Scott W. Nickerson, Clerk of Court Barnstable County |
| TO: Sergei Lemberg, Esq. Lemberg Law, LLC 43 Danbury Rd Wilton, CT 06897 | | COURT NAME & ADDRESS Barnstable County Superior Court 3195 Main Street Barnstable, MA 02630 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                          DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/03/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 04/02/2020 | |
| All motions under MRCP 12, 19, and 20 | 04/02/2020 | 05/04/2020 | 06/01/2020 |
| All motions under MRCP 15 | 04/02/2020 | 05/04/2020 | 06/01/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 09/29/2020 | | |
| All motions under MRCP 56 | 10/29/2020 | 11/30/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/29/2021 |
| Case shall be resolved and judgment shall issue by | | | 12/03/2021 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 12/05/2019 | ASSISTANT CLERK Scott W Nickerson | PHONE (508)375-6684 |
|---|---|---|

Date/Time Printed: 12-05-2019 09:20:26                                                                SCV029\ 08/2018

# EXHIBIT # 5

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:  1972-CV-00628

JOHN T. YOUNG, on behalf of himself and all
others similarly situated

                    Plaintiff,

              v.

CONSUMER PORTFOLIO SERVICES, INC.

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)

## NOTICE TO PARTY OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that on January 10, 2020, Defendant Consumer Portfolio

Services, Inc., filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1441 & 1446, with the United

States District Court for the District of Massachusetts. A copy of said Notice of Removal is

attached hereto as Exhibit A and is on file with the Clerk of the United States District Court for

the District of Massachusetts .

2597124.1

Respectfully submitted,

The Defendant,

CONSUMER PORTFOLIO SERVICES, INC.

By its attorneys,

_____

Patrick Voke, BBO #: 553033
Justin L. Amos, BBO#: 697232
McGLINCHEY STAFFORD, PLLC
One Boston Place, Suite 2190
Boston, MA 02108
(857) 453-7152 – Phone
(617) 830-8385 – Fax

Dated: January 10, 2020

## **CERTIFICATE OF SERVICE**

I, Justin L. Amos, certify that I served the aforementioned document via first class mail,

postage prepaid, to the following:

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury, CT 06897
T: (203) 653-2250
F: (203) 653-3424

Date: January 10, 2020

_____
Justin L. Amos